[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 11, 2006
THOMAS K. KAHN
CLERK

No. 06-12464
Non-Argument Calendar

_____

D. C. Docket No. 05-02103-CV-P-S

VULCAN ENGINEERING COMPANY,
PETER PETRILLO,
RYAN WIERCK, an individual,

                                                    Plaintiffs-Appellants,

versus

XL INSURANCE AMERICA, INC.,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 11, 2006)**

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Philip S. Zettler is a former shareholder and former officer of Vulcan. In 2005, he sued Vulcan, Peter Petrillo and Ryan Wierck (collectively "the Vulcan litigants"), among others, in the Circuit Court of Jefferson County, Alabama ("the Zettler action"). He asserted two of his claims against the individual plaintiffs in this action. Count III alleged that Petrillo and Wierck breached fiduciary duties owed to Zettler. Count IV alleged that Petrillo and Wierck engaged in fraud and suppression of Vulcan's worsening financial condition.

Zettler brought his claims as direct actions. The Vulcan litigants have a strong argument that Zettler should have brought those claims derivatively. Normally defendants are happy when they believe that a plaintiff has incorrectly plead his case. The Vulcan litigants, however, have directors and officers' liability insurance issued by XL Insurance America, Inc. That policy includes both an "insured vs. insured exclusion" and a "securityholder derivative action" exception to that exclusion. Because Zettler is a former Vulcan officer, he is an "insured" under the insured v. insured exclusion. If the Zettler action is direct, the insured vs. insured exclusion kicks in, and XL Insurance has no duty to defend the Vulcan litigants. If the Zettler action is a securityholder derivative action, the insured v. insured exclusion does not apply, and XL Insurance has a duty to defend. XL Insurance concluded that the securityholder derivative action exception to the

exclusion did not apply, and refused to pay the Vulcan litigants' defense costs. The Vulcan litigants brought this lawsuit to make XL pay.

Both sides filed motions for summary judgment before the district court. The court granted XL Insurance's motion, finding that the insured vs. insured exclusion applies. The Vulcan litigants appealed, contending that the claims asserted in the Zettler action are shareholder derivative claims as a matter of Alabama law, and thus the securityholder derivative action exception to the insured vs. insured exclusion applies. We review de novo a district court's grant of summary judgment. Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998). Here, we agree with the district court.

There are two fundamental problems with the arguments put forward in the Vulcan litigants' appellate briefs. First, they never address the actual language of the underlying insurance policy. Second, they fail to come to grips with the difference between having a derivative claim and bringing a derivative cause of action.

The parties agree that coverage turns on whether the securityholder derivative action exception applies. The Vulcan litigants immediately begin their attack on the decision below by defining derivative claims under Alabama law. Hitting the case law is premature, however, because the insurance policy itself

3

defines "Securityholder Derivative Action."  The policy reads:

> A Securityholder Derivative Action is defined as: any Claim brought on behalf of, or in the name or right of, the Insured Organization by one or more securityholders of the Insured Organization in their capacity as such if such Claim is brought and maintained without the assistance, participation or solicitation of any Executive.

According to the plain meaning of this clause, whether a claim is derivative turns on how that claim is brought, rather than on the injury underlying that claim.  How it actually was brought trumps how it might have been brought.

The district court found ample evidence that Zettler brought his claims as part of a direct action.  Zettler himself said as much, alleging in his state court lawsuit that his "claims are individual rather than derivative because [he] was the only minority stockholder in Vulcan and his injuries are personal."  The circuit court adjudicating the Zettler action agreed.  It found that Zettler did not have standing to assert any derivative claims and allowed the case to proceed only to the extent that Zettler asserted his claims directly.  Even the Vulcan litigants represented to the circuit court that "Zettler seeks recovery for his alleged injuries through an individual action."  Zettler's complaint also does not adhere to Rule 23.1 of the Alabama Rules of Civil Procedure, which lays out the procedural requirements for bringing a derivative action under Alabama law.  Ala. R. Civ. Pro. 23.1.

The Vulcan litigants, however, focus their attention on demonstrating that each of Zettler's claims is "derivative in nature." They argue that the "established law in Alabama is that claims for self-dealing, mismangement, waste of corporate assets, and the like are derivative in nature and do not form the proper basis for a direct action by shareholders." The Vulcan litigants might be right that "Zettler's facts support derivative claims," but they are wrong to the extent they assert that Zettler brought those claims derivatively.

The cases that the Vulcan litigants cite to themselves prove that Zettler's claims are derivative in nature demonstrate that Alabama draws a distinction between having a derivative claim and bringing a derivative cause of action. Each case involves the dismissal of a lawsuit brought directly but alleging injuries that are derivative in nature. See, e.g., Brooks v. Hill, 717 So. 2d 759, 762 (Ala. 1998); Pegram v. Hebding, 667 So. 2d 696, 702 (Ala. 1995); Shelton v. Thompson, 544 So. 2d 845, 847 (Ala. 1989). In Hill, for example, the Alabama Supreme Court found that a claim of waste of corporate assets "could have been brought only as a derivative claim on behalf of the corporation" but that "the plaintiff did not bring such a claim." 717 So. 2d at 762. It thus affirmed a dismissal of the complaint. Id. at 760. These cases demonstrate that it is possible to bring a derivative claim in a direct action, although it is procedurally improper and will lead to a dismissal. A

finding that a particular claim is derivative does not retroactively transform the suit into a derivative action. If it did, there would be no procedural defect and the lawsuits could have proceeded in cases like Hill.

Here, Zettler filed a direct action. It may be that any injuries allegedly caused by the Vulcan litigants are derivative in nature. In that case, damages can only be recovered by a plaintiff with standing to bring a suit on behalf of Vulcan. But Zettler did not bring that suit. He brought a direct suit in his own name. Because his lawsuit was not "brought on behalf of, or in the name or right of, the Insured Organization," it is not a "Securityholder Derivative Action" as that term is defined in the insurance policy. Therefore, the district court correctly found that the ssecurityholder derivative suit exception does not apply. The insured vs. insured exclusion is therefore applicable, and XL has no duty to defend the Vulcan litigants.

The Vulcan litigants make a final argument not directly addressed by the district court. They contend that XL Insurance's duty to defend independently attaches because Zettler's claims are groundless. The insurance policy, however, does not provide affirmative coverage against groundless claims. Instead, it forbids XL Insurance from refusing to defend claims "covered by [the] Policy" if that refusal is based only on the insurance company's determination that those

claims are "groundless, false or fraudulent." For example, if Zettler had brought his claims derivatively, XL Insurance could not have denied coverage based on its determination that Zettler's claim lacked merit. Here, however, XL Insurance refused to defend not because it deemed Zettler's claims to be without merit, but because it decided the policy did not cover the Zettler action regardless of whether the action had merit. The company was right about that.

**AFFIRMED.**